IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

THOMAS B. KIRKHART and
CYNTHIA D. KIRKHART, his wife,

    Plaintiffs,

v.                                            Civil Action No. 5:06CV21
                                                             (STAMP)
PPG INDUSTRIES, INC., a corporation,
TAYLOR-DUNN MANUFACTURING COMPANY,
a corporation,
PHILLIPS CORPORATION, a corporation
and AMERICAN TIRE, INC., a corporation,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFFS' MOTION TO REMAND,
DENYING PPG'S MOTION TO DISMISS,
GRANTING AMERICAN TIRE'S MOTION TO DISMISS,
DENYING PHILLIPS CORPORATION'S MOTION
TO DISMISS PUNITIVE DAMAGES CLAIMS
AND DENYING PPG'S MOTION TO DISMISS
PHILLIPS CORPORATION'S CROSS-CLAIM**

I.   Background

This action arises from a work-related accident that occurred on March 3, 2004 at defendant PPG Industries, Inc.'s plant in Natrium, West Virginia. Thomas Kirkhart and four other PPG maintenance employees were traveling as passengers aboard a Kalamazoo Model 2500B4, a three-speed four-wheel vehicle designed to carry loads up to 6,000 pounds, when the Kalamazoo overturned.

Following the accident, Thomas Kirkhart and his wife, Cynthia Kirkhart (the "Kirkharts"), filed suit against the following defendants in West Virginia state court: PPG Industries, Inc.

("PPG"), Mr. Kirkhart's employer; Taylor-Dunn Manufacturing Company ("Taylor-Dunn"), the manufacturer of the Kalamazoo; Phillips Corporation ("Phillips"), the seller of the Kalamazoo; and American Tire, Inc. ("American Tire"), a seller and distributer of tires. Plaintiffs' amended complaint asserts claims for negligent design, manufacture, distribution, sale, and maintenance of the Kalamazoo Model 2500B4, breach of express warranty, breach of implied warranties, and deliberate intention. Mr. Kirkhart alleges that as a result of the accident he has suffered loss of income and severe and permanent mental and physical injuries. Mrs. Kirkhart alleges that she has suffered loss of society, companionship, consortium and the services of her husband.

This action was later removed to federal court. Following removal, the plaintiffs filed a motion to remand, PPG filed a motion to dismiss the amended complaint, American Tire filed a motion to dismiss, Phillips filed a motion to dismiss claims for punitive damages, and PPG filed a motion to dismiss the cross-claim of Phillips.

## II. Legal Standards

### A. Removal and Fraudulent Joinder

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. A federal district court has original jurisdiction over cases between

2

citizens of different states (the "diversity of citizenship" requirement) where the amount in controversy exceeds $75,000.00, exclusive of interests and costs. See 28 U.S.C. § 1332(a). Diversity of citizenship between the parties must be complete in order for jurisdiction to be conferred on the federal courts. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978); Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806). In order for complete diversity to be established, none of the defendants can be a citizen of the same state as any of the plaintiffs. Id. The party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Id.

The plaintiff is not permitted to join a defendant simply for the purpose of defeating federal diversity jurisdiction. See Hartley v. CSX Transp., Inc., 187 F.3d 422, 424 (4th Cir. 1999). In order to establish that a nondiverse defendant has been fraudulently joined in an attempt to defeat removal, the removing party must establish either: (1)"outright fraud in the plaintiff's pleading of jurisdictional facts" or (2) that "there is no possibility that plaintiff would be able to establish a cause of action against the in-state defendant in state court." Id.

(quoting Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993)).

The party alleging fraudulent joinder bears a significant burden of proof. See Hartley, 187 F.3d at 424 (fraudulent joinder standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)). In order to prove fraudulent joinder, it must be shown that "the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor." Id. at 232-233 (citing Poulos v. Naas Foods, Inc., 959 F.2d 69, 73 (7th Cir. 1992)). The plaintiff's claim "need not ultimately succeed to defeat removal; only a possibility of a right to relief need be asserted." Marshall, 6 F.3d at 232-33 (citations omitted). When fraudulent joinder is alleged, a court is permitted to examine the entire record by any means available in order to determine the propriety of such joinder. See AIDS Counseling & Testing Ctrs. v. Group W Television, Inc., 903 F.2d 1000, 1004 (4th Cir. 1990).

B. Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6)

In assessing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a court must accept the factual allegations contained in the complaint as true. Advanced Health Care Servs., Inc. v. Radford Cmty. Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Dismissal is appropriate pursuant to

4

Rule 12(b)(6) only if "'it appears to be a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim.'" Id. at 143-44 (quoting Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969)); see also Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989).

Stated another way, it has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356, at 294 (2d ed. 1990). The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. Id. § 1356, at 298. For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). Id. § 1357, at 304, 310.

A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted only in very limited circumstances. Rogers, 883 F.2d at 325. A dismissal under Rule 12(b)(6) is

5

granted only in cases in which the facts as alleged in the complaint clearly demonstrate that the plaintiff does not state a claim and is not entitled to relief under the law. 5A Wright & Miller, supra § 1357, at 344-45.

C.  Summary Judgment Pursuant to Fed. R. Civ. P. 56

Because PPG, American Tire and Phillips have each styled their motions to dismiss as pursuant to both Rule 12(b)(6) and Rule 56, a brief statement of the summary judgement standard under Rule 56 is appropriate.  Under Federal Rule of Civil Procedure 56(c), summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact."  Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992)(citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)).

"[A] party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that

there is a genuine issue for trial." Anderson, 477 U.S. at 256. The Court must perform a threshold inquiry to determine whether a trial is needed -- whether, in other words, "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979)(Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law.") (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950))).

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment is not appropriate until after the non-moving party has had sufficient opportunity for discovery. See Oksanen v. Page Mem'l Hosp., 912 F.2d 73, 78 (4th Cir. 1990), cert. denied, 502 U.S. 1074 (1992). In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

III. Discussion

There are five motions before this Court for resolution: the plaintiffs' motion to remand, PPG's motion to dismiss the amended complaint; American Tire's motion to dismiss; Phillips' motion to dismiss the plaintiffs' claims for punitive damages; and PPG's motion to dismiss the cross-claim of Phillips. The plaintiffs' motion to remand will be addressed first followed by each of the motions to dismiss.

A. The Plaintiffs' Motion to Remand

In its notice of removal, PPG asserts that this Court has diversity jurisdiction over this action because the plaintiffs fraudulently joined American Tire to defeat federal diversity jurisdiction. PPG does not allege any outright fraud in the plaintiffs' pleading of jurisdictional facts. Therefore, to prove fraudulent joinder, PPG must show that there is no factual or legal possibility that the Kirkharts can establish a cause of action against American Tire in West Virginia state court.

For a cause of action to exist against American Tire in this case, at least a minimal connection must be shown between American Tire and the Kalamazoo Model 2500B4, or some part thereof, in which Mr. Kirkhart was allegedly injured. This Court finds that no such connection exists here and that PPG has met its burden of proving fraudulent joinder.

In their motion to remand, the Kirkharts filed the affidavits of two PPG employees who aver that, at the time of the accident, the Kalamazoo was equipped with the wrong size tires and that American Tire sells tires to PPG. The Kirkharts, however, have not come forward with any proof indicating that the particular tires installed on the subject Kalamazoo on the date of the accident were supplied by American Tire. The fact that American Tire has sold tires to PPG does not establish that American Tire sold the particular tires at issue.

Indeed, PPG contends that American Tire did not, in fact, supply any of the tires that were installed on the Kalamazoo at the time of the accident. Three PPG employees aver that the Kalamazoo was equipped with the tires and rims that accompanied the unit when it was originally supplied to PPG and that those original tires were not supplied by American Tire.[1] Further, those employees aver that American Tire was not involved in the design, manufacture, sale, purchase, maintenance, or repair of the subject Kalamazoo or its tires. Based on the foregoing affidavits, this Court finds that although American Tire sells tires to PPG, it had absolutely no involvement with or connection to the particular tires on the Kalamazoo at the time of the accident. Accordingly, there is no possibility that the Kirkharts can establish any cause of action

---

[1] Affidavits of Mike D. Jackson, EHS specialist; Mike Wilson, mechanical engineer; and Greg West, garage supervisor.

against American Tire for the accident in this suit.  Therefore, under the doctrine of fraudulent joinder, the plaintiffs' motion to remand must be denied.

Nonetheless, the Kirkharts contend that even if they have no cause of action against American Tire, their motion to remand should be granted pursuant to 28 U.S.C. § 1445(c) because their "deliberate intention" claim arises under the workers' compensation laws of West Virginia.  Title 28, United States Code, Section 1445(c) provides that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."

The United States Court of Appeals for the Fourth Circuit foreclosed this argument in <u>Arthur v. E.I. Dupont de Nemours & Co., Inc.</u>, 58 F.3d 121 (4th Cir. 1995).  In <u>Arthur</u>, the Court considered whether a deliberate intention claim (a/k/a a "<u>Mandolidis</u> claim") brought pursuant to § 23-4-2(d)(2)[2] of the West Virginia Workers' Compensation Act was barred from removal to federal court by 28 U.S.C. § 1445(c).  Because the Court determined that West Virginia Code § 23-4-2(d)(2) is not a "workmen's compensation law" for the purposes of 28 U.S.C. § 1445(c), it held that deliberate intention claims brought pursuant to § 23-4-2(d)(2) are not barred from

---

[2]When the Court in <u>Arthur</u> considered this question, the deliberate intention exception was under subsection (c)(2) of the § 23-4-2.  In 2003, the statute was amended and that exception is now under subsection (d)(2).

removal to federal court. Therefore, pursuant to the Fourth Circuit's interpretation of § 1445(c), the plaintiffs' deliberate intention claim may be properly removed to federal court. Accordingly, the plaintiffs' motion to remand is denied.

B. <u>PPG's Motion to Dismiss</u>

PPG asserts that it is entitled to dismissal pursuant to Federal Rules of Civil Procedure 12(b)(6) and 56. Rule 12(b)(6) provides that if a motion to dismiss for failure to state a claim is filed and "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgement and disposed of as provided in Rule 56." In this case, both PPG and the Kirkharts filed affidavits in connection with their briefs regarding PPG's motion to dismiss. Because this Court elects to exclude those affidavits for the purpose of resolving PPG's motion to dismiss,³ PPG's motion to dismiss will be analyzed pursuant to the standards of Rule 12(b)(6).

PPG argues that it is entitled to be dismissed from this action because Mr. Kirkhart cannot, under any view of the facts, establish the five elements of a deliberate intention claim

---

³As noted by Phillips in its response to PPG's motion to dismiss, discovery in this action has not yet commenced. Summary judgment is generally appropriate only after adequate time for discovery. See Oksanen v. Page Memorial Hosp., 912 F.2d 73, 78 (4th Cir. 1990). Because there has been no opportunity for the parties to discover information regarding PPG's knowledge, if any, of any unsafe working condition created by the subject Kalamazoo, it is appropriate to analyze PPG's motion as one pursuant to Rule 12(b)(6).

11

pursuant to West Virginia Code § 23-4-2(d)(2).[4]  Specifically, PPG

---

[4]Under the West Virginia Workers' Compensation Act, employers are immune from civil suit by employees seeking to recover for workplace injuries.  A limited exception exists, however, to this immunity.  Pursuant to West Virginia Code § 23-4-2(d)(2), if the trier of fact determines that all of the following facts are proven, then an employee has a cause of action for deliberate intention:

>(A)  That a specific unsafe working condition existed in the workplace which presented a high degree of risk and a strong probability of serious injury or death;
>
>(B)  That the employer, prior to the injury, had actual knowledge of the existence of the specific unsafe working condition and of the high degree of risk and the strong probability of serious injury or death presented by the specific unsafe working condition;
>
>(C)  That the specific unsafe working condition was a violation of a state or federal safety statute, rule or regulation, whether cited or not, or of a commonly accepted and well-known safety standard within the industry or business of the employer, as demonstrated by competent evidence of written standards or guidelines which reflect a consensus safety standard in the industry or business, which statute, rule, regulation or standard was specifically applicable to the particular work and working condition involved, as contrasted with a statute, rule, regulation or standard generally requiring safe workplaces, equipment or working conditions;
>
>(D)  That notwithstanding the existence of the facts set forth in subparagraphs (A) through (C), inclusive, of this paragraph, the employer nevertheless intentionally thereafter exposed an employee to the specific unsafe working condition; and
>
>(E)  That the employee exposed suffered serious compensable injury or compensable death as defined in section one, article four, chapter twenty-three whether a claim for benefits under this chapter is filed or not as a direct and proximate result of the specific unsafe working condition.

W. Va. Code § 23-4-2(d)(2).

contends that the Kirkharts cannot prove that PPG had "actual knowledge" that transporting passengers aboard a Kalamazoo was a "specific unsafe working condition" that presented a "high degree of risk" and a "strong probability of serious injury or death." W. Va. Code § 23-4-2(d)(2)(ii)(B). PPG asserts that the following facts, averred to by employee Mike D. Jackson, conclusively establish that PPG had no "actual knowledge" that the Kalamazoo might overturn: none of PPG's Model 2400B4 Kalamazoos have ever been involved in an overturning accident; the subject Kalamazoo had been in service for only six months, had been operated for less than 138 hours, and was equipped with all of its original components and parts; and the unit was traveling on an asphalt roadway and was not overloaded at the time of the accident. Thus, PPG argues that it did not have the requisite actual knowledge and that, therefore, Mr. Kirkhart cannot overcome the immunity afforded to PPG as an employer under the West Virginia Workers' Compensation Act.

The Kirkharts and defendants Phillips and Taylor-Dunn argue, on the other hand, that the Kirkharts have pled facts sufficient to show that PPG may have had the requisite "actual knowledge" to state a claim for deliberate intention. This Court agrees. Although further discovery may be necessary to prove "actual knowledge" at trial or to defeat a motion for summary judgment, for the purpose of satisfying a Rule 12(b)(6) motion to dismiss, the

13

facts alleged by the Kirkharts, viewed in a light most favorable to the Kirkharts, are sufficient to state a claim for deliberate intention. Specifically, the Kirkharts allege that PPG violated federal and state safety regulations when it modified the Kalamazoo, which was manufactured as a burden carrier, to be used as a passenger carrier for its employees. Because PPG made these modifications itself, it cannot be said to a certainty that PPG had no actual knowledge of any potential danger posed by using a burden carrier to transport people. Therefore, this Court finds that the Kirkharts do not fail to state a claim for deliberate intention. Accordingly, PPG's motion to dismiss is denied.

C. <u>American Tire's Motion to Dismiss</u>

American Tire filed a motion to dismiss requesting that the Kirkharts' complaint against it be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, or in the alternative, that summary judgment be granted in its favor pursuant to Federal Rule of Civil Procedure 56. As matters outside the pleadings (here, affidavits) have been presented by both American Tire and the Kirkharts and have not been excluded by this Court in its consideration of American Tire's motion to dismiss,[5]

---

[5]Unlike PPG's motion to dismiss, American Tire's motion to dismiss can be resolved on the affidavits before this Court without the need for further discovery because the affidavits reveal that there is no genuine issue of material fact regarding American Tire's lack of involvement with the subject Kalamazoo or any of its parts. Accordingly, analysis of American Tire's motion to dismiss pursuant to the summary judgment standard is appropriate.

that motion shall be treated as one for summary judgment pursuant to Rule 56. See Fed. R. Civ. P. 12(b)(6). When a court considers matters outside of the pleadings and converts a motion to dismiss for failure to state a claim to one for summary judgment, all parties must be given a "reasonable opportunity to present all material" pertinent to the resolution of a motion for summary judgment. Id. Because the Kirkharts were aware that American Tire appended affidavits to its motion to dismiss and because they have themselves filed affidavits in their response to that motion, the Kirkharts have been afforded the requisite "reasonable opportunity."

American Tire argues that there is no genuine issue of material fact regarding its involvement with the Kalamazoo, or any part thereof, that is the subject of this action. American Tire presents the affidavits of three PPG employees[6] and of Thomas Fredericks, the vice president of American Tire,[7] to support its position. All four individuals aver, by sworn affidavit, that although American Tire sells tires to PPG, the Kalamazoo involved in this accident was not equipped with tires supplied by American Tire. Further, Mr. Fredricks avers that American Tire supplies tires neither to Taylor-Dunn, the manufacturer of the subject

---

[6]Affidavits of Mike D. Jackson, EHS specialist; Mike Wilson, mechanical engineer; and Greg West, garage supervisor.

[7]Affidavit of Thomas Fredericks.

15

Kalamazoo, nor Phillips d/b/a Equipco, the supplier of the subject Kalamazoo. The PPG employees also aver that American Tire was not involved in the design, manufacture, sale, purchase, maintenance, or repair of the subject Kalamazoo.

The Kirkharts argue that they should survive summary judgment because there is a genuine issue of material fact regarding the size of the tires on the Kalamazoo that overturned. In support of this argument, the Kirkharts present the affidavits of Mr. Kirkhart and another PPG employee who aver that the subject Kalamazoo had the wrong size tires on it and that American Tire sells tires to PPG for use on its equipment.[8]

However, as stated before in this Court's discussion of the Kirkhart's motion to remand, the fact that American Tire has sold tires to PPG does not establish that American Tire sold the particular tires at issue. Indeed, the Kirkharts present no evidence, by affidavit or otherwise, that tires supplied by American Tire were installed on the Kalamazoo at the time of the accident or that American Tire had any other kind of involvement with the subject Kalamazoo. Therefore, viewing all of the evidence in a light most favorable to the plaintiffs, this Court finds that there is no genuine issue of material fact regarding American Tire's lack of involvement with the subject Kalamazoo. Because the evidence reveals that American Tire had no involvement whatsoever

---

[8] Affidavits of Thomas B. Kirkhart and Paul C. DeGenova.

with the Kalamazoo involved in this accident, American Tire is entitled to judgment as a matter of law. Accordingly, summary judgment is granted in favor of American Tire.

D.   <u>Phillips' Motion to Dismiss Claims for Punitive Damages</u>

Pursuant to Federal Rule of Civil Procedure 12(b)(6), defendant, Phillips, moves to dismiss the claims for punitive damages raised by the plaintiffs in the amended complaint. Phillips argues that the Kirkharts have failed to state a claim for punitive damages because their amended complaint does not specifically allege that Phillips acted willfully, wantonly, or maliciously. The Kirkharts contend, on the other hand, that it is premature to dismiss the punitive damages claim on the pleadings.

Under the Federal Rules of Civil Procedure, the purpose of pleading is simply to provide the defendant with notice of the action against him. <u>See</u> Fed. R. Civ. P. 8. Plaintiffs are simply required to make "a short and plain statement of the claim showing that the pleader is entitled to relief." <u>Id.</u> Claims for punitive damages are not required to be pled with specificity. <u>See</u> <u>id.</u>; Fed. R. Civ. P. 9(b); 5A Wright & Miller, <u>Federal Practice and Procedure</u> § 1301 ("[w]hen the malice of a person is in issue, a general averment will suffice, even when it is an element of the plaintiff's cause of action or of his claim for punitive damages."). Rather, claims for punitive damages must not be dismissed unless "it is beyond doubt that the plaintiff could prove

no set of facts" entitling him to such relief.  Norris v. Detrick, 918 F. Supp 977 (N.D. W. Va. 1996).

Under the notice pleading standard of the Federal Rules of Civil Procedure, the plaintiffs need not use the words "willful, wanton or malicious" in their complaint as long as the facts alleged in the complaint are sufficient to demonstrate that the wrong complained of may have been attended by the type of aggravated conduct necessary for punitive recovery.  See O'Brien v. Snodgrass, 16 S.E.2d 621 (1941); Ilosky v. Michelin Tire Corp., 307 S.E.2d 603 (W. Va. 1983).  In this case, construing the allegations in a light most favorable to the plaintiff, this Court cannot conclude on the pleadings that the plaintiffs in this case can prove no set of facts entitling them to punitive damages.  Accordingly, Phillips' motion to dismiss the punitive damages claims must be denied.

E.   PPG's Motion to Dismiss Cross-Claim by Phillips

In its answer to the amended complaint, Phillips filed a cross-claim against PPG for indemnity and contribution.  PPG moves to dismiss[9] that cross-claim, arguing, as it did in its above-discussed motion to dismiss the amended complaint in its entirety,

---

[9]PPG files this motion pursuant to both Federal Rule of Civil Procedure 12(b)(6) and Rule 56.  For the same reasons as stated in footnote 2 above, this motion to dismiss Phillip's cross-claim will be analyzed pursuant to Rule 12(b)(6).

that it cannot be proven that PPG had actual knowledge that the subject Kalamazoo presented an unsafe working condition.

The immunity recognized in the West Virginia Workers' Compensation Act that shields employers from civil suit for injuries sustained by employees extends to third-party claims against employers, whether such claims sound in contribution or implied indemnity. Syl. 2, <u>Pasquale v. Ohio Power Co.</u>, 418 S.E.2d 738 (W. Va. 1992), <u>Belcher v. J.H. Fletcher & Co.</u>, 498 F.Supp 629, 631 (S.D. W. Va. 1980). Likewise, the "deliberate intention" exception to an employer's immunity under the Workers' Compensation Act can also be utilized by third-party claimants. <u>See</u> <u>Sydenstricker v. Unipunch Prods., Inc.</u>, 288 S.E.2d 511, 449-50 (W. Va. 1982).

In this case, as stated in the above discussion of PPG's motion to dismiss the amended complaint, sufficient facts have been alleged to show that PPG may have had the requisite "actual knowledge" to state a claim for deliberate intention. Thus, PPG's motion to dismiss Phillips' cross-complaint for failure to state a claim must be denied.

## IV. <u>Conclusion</u>

For the foregoing reasons, the Kirkhart's motion to remand is DENIED; PPG's motion to dismiss the amended complaint is DENIED; American Tire's motion to dismiss is converted to a motion for summary judgment and is GRANTED; Phillips' motion to dismiss the

plaintiffs' claims for punitive damages is DENIED; and PPG's motion to dismiss cross-claim by Phillips is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    December 12, 2006

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE